1  Matthew P. Minser, Esq. (SBN 296344)
   Luz E. Mendoza, Esq. (SBN 303387)
2  SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Bay Parkway, Suite 100
   Alameda, California  94502
4  Telephone: (510) 906-4710
   Email: mminser@sjlawcorp.com
5  Email: lmendoza@sjlawcorp.com

6  Attorneys for Plaintiffs, Boards of Trustees of
7  the Shop Ironworkers Local 790 Pension Trust, et al.

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE SHOP               Case No.
   IRONWORKERS LOCAL 790
12 PENSION TRUST; SHOP IRONWORKERS             **COMPLAINT**
   LOCAL 790 PENSION TRUST; and MICHAEL
13 NEWINGTON as Trustee;

14
   BOARD OF TRUSTEES OF THE SHOP
15 IRONWORKERS LOCAL 790 WELFARE
   TRUST; SHOP IRONWORKERS LOCAL 790
16 WELFARE TRUST; and JACOB JAMESON As
   Trustee;
17
   BOARD OF TRUSTEES OF THE NORTHERN
18 CALIFORNIA SHOP IRONWORKERS
   APPRENTICESHIP AND TRAINING TRUST
19 FUND; NORTHERN CALIFORNIA SHOP
   IRONWORKERS APPRENTICESHIP AND
20 TRAINING TRUST FUND; and GREG
   MCCLELLAND As Trustee,
21
22             Plaintiffs,

23       v.

24
   RICARDO AVILA MANCIAS, individually and
25 doing business as MANCIAS STEEL CO.; ABS
   MANUFACTURERS, INC., a California
26 Corporation; and DOES 1 through 10, inclusive,

27
               Defendants.
28

                          1
COMPLAINT
Case No.

Parties

1.      The SHOP IRONWORKERS LOCAL 790 PENSION TRUST, ("Pension Trust") is an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3).   The Joint Board of Trustees of the Pension Trust is that plan's named fiduciary under ERISA § 402(a), 29 U.S.C. § 1002(a).  Michael Newington is the Chairman of the Joint Board of Trustees of the Pension Trust and is a fiduciary of the Pension Trust.

2.      The SHOP IRONWORKERS LOCAL 790 WELFARE TRUST ("Welfare Trust") is an employee benefit plan as defined in ERISA § 3(3).  The Joint Board of Trustees of the Welfare Trust is that plan's named fiduciary under ERISA § 402(a). Jacob Jameson is the Chairman of the Joint Board of Trustees of the Welfare Trust and a fiduciary of the Welfare Trust.

3.      The NORTHERN CALIFORNIA SHOP IRONWORKERS APPRENTICESHIP AND TRAINING TRUST FUND ("Apprenticeship Trust") is an employee benefit plan as defined in ERISA § 3(3).  The Joint Board of Trustees of the Apprenticeship Trust is that plan's named fiduciary under ERISA § 402(a).  Greg McClelland is the Chairman of the Joint Board of Trustees of the Apprenticeship Trust and a fiduciary of the Apprenticeship Trust.

4.      RICARDO AVILA MANCIAS, individually and doing business as MANCIAS STEEL CO. (hereinafter "Defendant Mancias Steel"), and ABS Manufacturers, Inc., a California Corporation (hereinafter "Defendant ABS") (Defendant Mancias Steel and Defendant ABS are hereinafter collectively referred to as "Defendants"), are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

5.      The Pension Trust, Welfare Trust, and Apprenticeship Trust and their fiduciaries are herein referred to as "Plaintiffs" or "ERISA Plaintiffs."

Jurisdiction

6.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

COMPLAINT
Case No.

P:\CLIENTS\SHOCL\ABS Manufacturing\2020 - Alter Ego Pleadings\Complaint (final).docx

7.     Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement.

8.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

9.     Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. Plaintiffs allege that Defendants are located within the Northern District of California. Therefore Plaintiffs allege that jurisdiction and venue are properly grounded with this Court.

10.     Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Bargaining Agreements

11.     On or about October 2004, Ricardo ("Rick") Avila Mancias, on behalf of Defendant ABS, entered into a collective bargaining agreement ("Bargaining Agreement") between the Shopmen's Local Union Number 790 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and Defendant ABS. That Bargaining Agreement was effective for the period July 1, 2003 through June 30, 2006, and continued from year to year thereafter unless written notice is given by either party to the other at least sixty (60) days and not more than ninety (90) days prior to such date of a desire for change therein. Plaintiffs are third party beneficiaries of the Bargaining Agreement.

**COMPLAINT**
**Case No.**

12.     Under the Bargaining Agreement and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendants, Defendant ABS agreed to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiffs certain sums of money, the amounts of which are determined by the hours worked by employees of Defendant ABS, all as more fully set forth in said Bargaining Agreement.  Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Trust Funds, Defendant ABS agreed to pay liquidated damages and interest for each delinquent payment, at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth or incorporated into said Bargaining Agreement. Plaintiffs allege that the ERISA fringe benefit obligations of Defendant ABS extend to Defendant Mancias Steel, as set forth below.

13.     The Bargaining Agreement further obligated Defendants to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements. Plaintiffs allege that the ERISA audit obligations of Defendant ABS extend to Defendant Mancias Steel, as set forth below.

Factual Allegations

14.     Plaintiffs are informed and believe that on or about May 24, 1985, a California Contractor's License was issued under #474089 for "MANCIAS STEEL CO," a Sole Proprietorship. Plaintiffs are informed and believe that per the public records of the California Contractors State License Board, the Sole Owner of MANCIAS STEEL CO. is RICARDO AVILA MANCIAS. Plaintiffs are informed and believe that the address associated with this Contractor's License is 519 Horning Street, San Jose, CA 95112 and the phone number associated with this Contractor's License is 408-295-5096. Plaintiffs are informed and believe that this license is for Classification C51 – Steel, Structural. Plaintiffs are informed and believe that this Contractor's License remains active. Plaintiffs are informed and

COMPLAINT
Case No.

1    believe that a Workers Compensation Insurance Policy is active for this license, Policy Number:

2    7600017600201 with an Effective Date of May 1, 2020 and an Expiration Date of May 1, 2021.

3        15.    Plaintiffs are informed and believe that on or about February 27, 1991, a California

4    Contractor's License was issued under #613821 for "A B S MANUFACTURERS INC," a Corporation.

5    Plaintiffs are informed and believe that per the public records of the California Contractors State License

6    Board, the RMO/CEO/President of A B S MANUFACTURERS INC. is RICARDO AVILA MANCIAS

7    and that GUADALUPE AVILA MANCIAS is an Officer. Plaintiffs are informed and believe that the

8    address associated with this Contractors' License is 519 Horning Street San Jose, CA 95112 and the

9    phone number associated with this Contractor's License is 408-295-5984. Plaintiffs are informed and

10   believe that this license is for Classification C51 – Steel, Structural. Plaintiffs are informed and believe

11   that this Contractors' License remains active. Plaintiffs are informed and believe that a Workers

12   Compensation Insurance Policy is active for this license, Policy Number: 7600017600201 with an

13   Effective Date of May 1, 2020 and an Expiration Date of May 1, 2021 (the same Policy Number as

14   Defendant Mancias Steel. Plaintiffs are informed and believe that Defendant ABS and Defendant

15   Mancias Steel have maintained the same Workers Compensation policies multiple times since 2012).

16       16.    Plaintiffs are informed and believe that on or about January 9, 1991, "A.B.S.

17   MANUFACTURERS, INC." was registered with the California Secretary of State. Plaintiffs are

18   informed and believe that the Entity Address associated with A.B.S. MANUFACTURERS, INC. is 519

19   Horning Street, San Jose, CA 95112. Plaintiffs are informed and believe that the Officers associated

20   with A.B.S. MANUFACTURERS, INC. are RICK A. MANCIAS, and LUPE A. MANCIAS JR.

21   Plaintiffs are informed and believe that on August 29, 2017, A.B.S. MANUFACTURERS, INC. filed a

22   Statement of Information with the California Secretary of State. Plaintiffs are informed and believe that

23   in response to question 16 "Describe the Type of Business of the Corporation" the Statement of

24   Information lists "Steel Fabricators." Plaintiffs are informed and believe that on March 11, 2020, .B.S.

25   MANUFACTURERS, INC. filed a Statement of Information indicating "No Change" to the information

26   contained in the previously filed Statement of Information.

27       17.    Plaintiffs are informed and believe that Defendant Mancias Steel maintains a website

28

COMPLAINT
Case No.                                                    P:\CLIENTS\SHOCL\ABS Manufacturing\2020 - Alter Ego Pleadings\Complaint (final).docx

1   located at http://www.manciassteel.com/. The website lists the address for Mancias Steel as: 519

2   Horning Street, San Jose, CA 95112 and lists the phone number as 408-295-5096. The listed contact

3   name is Rick Mancias. The website contains an "about me" page which states "Thirty-four years ago, an

4   enterprising man opened an ornamental iron shop in the heart of San Jose, California. His name was

5   Guadalupe Mancias, Sr., and the business he founded in 1965 was called Mancias Steel Company. The

6   company has since grown into a highly-regarded fabrication shop, sought out by architects and designers

7   who need intricate patterns and unusual shapes in stainless steel, aluminum or plain steel. Handrails,

8   stairways, and many other attractive and functional structural items are produced by the 25 employees of

9   Mancias Steel. In two buildings, they cut, form, weld and polish metal fabrications with state-of-the-art

10  equipment. Their customers have included Novell, Intel, Hewlett Packard, Sun Micro, Cisco Systems,

11  Applied Materials, IBM, Adobe, and others. Guadalupe retired in 1989, turning operations over to his

12  sons, Guadalupe, Jr., President, and Ricardo, Vice President." The website for Defendant Mancias Steel

13  lists projects called "Fremont High School", "Alza", "Anderson Bethel", and "Legato." The website for

14  Defendant Mancias Steel contains a link to the website for Defendant ABS at the bottom of each web

15  page.

16          18.     Plaintiffs are informed and believe that Defendant ABS maintains a website located at

17  http://www.absmanufacturers.com/. The website lists the address for ABS as 519 Horning Street, San

18  Jose, CA 95112 and lists the phone number as 408-295-5096 (the same phone number as Defendant

19  Mancias). The listed contact name is Rick Mancias. The website for Defendant ABS contains an "about

20  me" page which states exactly the same information as Defendant Mancias: "Thirty-four years ago, an

21  enterprising man opened an ornamental iron shop in the heart of San Jose, California. His name was

22  Guadalupe Mancias, Sr., and the business he founded in 1965 was called Mancias Steel Company. The

23  company has since grown into a highly-regarded fabrication shop, sought out by architects and designers

24  who need intricate patterns and unusual shapes in stainless steel, aluminum or plain steel. Handrails,

25  stairways, and many other attractive and functional structural items are produced by the 25 employees of

26  Mancias Steel [SIC]. In two buildings, they cut, form, weld and polish metal fabrications with state-of-

27  the-art equipment. Their customers have included Novell, Intel, Hewlett Packard, Sun Micro, Cisco

28

COMPLAINT
Case No.

P:\CLIENTS\SHOCL\ABS Manufacturing\2020 - Alter Ego Pleadings\Complaint (final).docx

Systems, Applied Materials, IBM, Adobe, and others. Guadalupe retired in 1989, turning operations over to his sons, Guadalupe, Jr., President, and Ricardo, Vice President." The website for Defendant ABS lists projects called "Alza", "Adobe", "Avant", "Caltrain", "Kaiser", "Local #3", "Sun Micro", "Tencor", and "Xerox." The website for Defendant ABS contains a link to the website for Defendant Mancias Steel at the bottom of each web page.

19.     Plaintiffs are informed and believe that Defendant Mancias, and Defendant ABS Manufacturing are operating as a single employer and/or are continuations, successors, or alter egos of one another.  Accordingly, Plaintiffs allege that Defendant Mancias, and Defendant ABS Manufacturing are equally bound to the terms of the Bargaining Agreement referenced above.

20.     Based on the above, Plaintiffs are informed and believe that at all times pertinent Defendant Mancias Steel was the agent, servant, employee, partner, joint venture, successor corporation, or alter ego of Defendant ABS and were acting within the scope of that agency, employment, partnership, or venture with the knowledge and consent or ratification of the other defendant.

21.     Based on the above, Plaintiffs are informed and believe that at all times pertinent, Defendant Mancias Steel and Defendant ABS had common ownership in Rick/Ricardo Mancias, had common management in Rick/Ricardo Mancias, and operated out of the same location, with the same phone number, equipment, and centralized control of labor relations.

22.     Based on the above, Plaintiffs allege that Defendant Mancias Steel is liable for the judgment obtained by Plaintiffs against Defendant ABS on February 24, 2014, Case No. CV-13-2275 MMC entitled *SHOP IRONWORKERS LOCAL 790 PENSION TRUST, et al.,. v. ABS MANUFACTURERS, INC.*

23.     The above-listed judgment includes delinquent principal fringe benefit contributions owed to the Trust Funds for the time period December 2009 through August 2013, plus liquidated damages and interest for that same period, plus attorneys' fees and costs.

24.     Plaintiffs allege that through this action, they are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months

COMPLAINT
Case No.

P:\CLIENTS\SHOCL\ABS Manufacturing\2020 - Alter Ego Pleadings\Complaint (final).docx

Defendants had an obligation to contribute, and failed to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**

**For Federal Common Law Successor Liability Against Defendant Mancias**

25.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24, above.

26.     Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where 1) the subsequent employer substantially continues the business operations of the predecessor, and 2) the subsequent employer had notice of the potential liability. *Steinbach v. Hubbard*, 51 F.3d 843, 845-846 (9th Cir. 1995).  Successor liability has been extended to almost every employment statute, including ERISA. *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 295 (9th Cir. 1987).

27.     Plaintiffs are informed and believe that at all times relevant herein, Defendant Ricardo Mancias (individually and dba Macias Steel) had actual knowledge of Defendant ABS' liability to Plaintiffs.

28.     Under the totality of circumstances, there are sufficient indicia of continuity between Defendant ABS and Mancias Steel to hold Defendant Mancias Steel as the successor in interest to Defendant ABS for purposes of ERISA and otherwise.

29.     By virtue of successor status and with notice of the potential liability, Defendant Mancias is liable for Defendant ABS' liability for the above-listed judgment to Plaintiffs, for amounts owed pursuant to ERISA, consisting of delinquent contributions, interest, liquidated damages, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**For Alter Ego Liability Against Defendant Mancias**

30.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29, above.

COMPLAINT
Case No.

31.     Plaintiffs are informed and believe that at all times pertinent Defendant Mancias was the agent, servant, employee, partner, joint venture, successor corporation, or alter ego of Defendant ABS and was acting within the scope of that agency, employment, partnership, or venture with the knowledge and consent or ratification of the other defendant.

32.     Plaintiffs are informed and believe that at all times pertinent, Defendant Mancias and Defendant ABS constitute a single employer.

33.     Based on the above, Plaintiffs are informed and believe that at all times pertinent, Defendant Mancias Steel and Defendant ABS had common ownership in Rick/Ricardo Mancias, had common management in Rick/Ricardo Mancias, and operated out of the same location, with the same phone number, equipment, and centralized control of labor relations

34.     Based on the above, Plaintiffs allege that Defendant Mancias was utilized in an attempt to avoid the obligations of Defendant ABS' collective bargaining agreement through a sham transaction or a technical change in operations, or otherwise

### THIRD CAUSE OF ACTION

**For Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

35.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34, above.

36.     Defendants had a contractual duty to timely pay the required contributions to Plaintiffs, pursuant to the Bargaining Agreement and Trust Agreements.

37.     In addition, Defendants had a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

38.     By refusing to pay fringe benefits for hours worked by their employees, Defendants breached the Bargaining Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

39.     Defendants' failure and refusal to pay the required contributions was at all times, and still is, willful.

40.     Plaintiffs allege that Defendant Mancias Steel is liable for the judgment obtained by Plaintiffs against Defendant ABS on February 24, 2014, Case No. CV-13-2275 MMC entitled *SHOP*

9

1  *IRONWORKERS LOCAL 790 PENSION TRUST, et al.,. v. ABS MANUFACTURERS, INC.* This

2  judgment contains principal fringe benefit contributions, liquidated damages, interest, attorneys' fees,

3  and costs, all due pursuant to ERISA and pursuant to the Bargaining and Trust Agreements.

4        41.    Defendants continue to breach the Bargaining Agreement, and incorporated Trust

5  Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with

6  knowledge and intent.

7        42.    Plaintiffs are without an adequate remedy at law and will suffer continuing and

8  irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations

9  required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29

10  U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to

11  refuse to perform as required thereunder.

12        43.    This Court is authorized to issue injunctive relief based on the traditional standard.  As

13  set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits.  There is the

14  possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries.  The

15  balance of hardships and advancement of public interest favor ERISA Plaintiffs.

16        44.    This Complaint does not in any manner relate to statutory withdrawal liability that may or

17  may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such

18  withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust

19  Agreements, and the law.

20                                    Prayer

21        WHEREFORE, Plaintiffs pray as follows:

22        1.    For an Order declaring that Defendant Mancias Steel Co. is the alter ego and/or

23  successor employer to Defendant ABS Manufacturers, Inc.

24        2.    For an Order declaring that Defendant Mancias Steel Co. and Defendant ABS

25  Manufacturers, Inc. are a single employer.

26        3.    For a judgment against Defendant Mancias Steel Co. as follows:

27              (a)    All unpaid fringe benefit contributions, liquidated damages, interest, attorneys'

28

**COMPLAINT**
**Case No.**

fees, and costs contained in the judgment obtained by Plaintiffs against Defendant ABS Manufacturers, Inc. on February 24, 2014, Case No. CV-13-2275 MMC entitled *SHOP IRONWORKERS LOCAL 790 PENSION TRUST, et al., v. ABS MANUFACTURERS, INC.*, plus interest thereon.

(b)   Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants failed to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.   To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.   To the Union in accordance with the Bargaining Agreements.

(c)   Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining, Trust, and Subscription Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(d)   Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

4.   Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

5.   For an order,

(a)   requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

(b)   enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)   enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

COMPLAINT
Case No.

6.    That the Court retain jurisdiction of this case pending compliance with its orders.

7.    For such other and further relief as the Court may deem just and proper.

DATED: August 18, 2020                    SALTZMAN & JOHNSON LAW CORPORATION

                                   By:   /S/ Luz E. Mendoza
                                         Matthew P. Minser
                                         Luz E. Mendoza
                                         Attorneys for Plaintiffs Boards of Trustees of
                                         the Shop Ironworkers Local 790 Pension Trust, et al.

**COMPLAINT**
**Case No.**

P:\CLIENTS\SHOCL\ABS Manufacturing\2020 - Alter Ego Pleadings\Complaint (final).docx